UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| KILLER JOE NEVADA, LLC, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:13-CV-224 |
| v. | ) | (PHILLIPS/GUYTON) |
| | ) | |
| DOES 1-12, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. The Plaintiff in this case has filed a Motion for Discovery Prior to Rule 26 Conference [Doc. 3]. In reviewing the materials submitted in support of the Motion for Discovery, the Court has determined that it is appropriate to raise the issue of venue *sua sponte*.

A federal civil action may be filed in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." The Court may raise transfer of venue pursuant to 28 U.S.C. § 1406(a) *sua sponte*. <u>Flynn v. Greg Anthony Construction Co., Inc.</u>, 95 Fed. App'x 726, 738 (6th Cir. 2003).

The Court finds that the Eastern District of Tennessee is not an appropriate venue for this action. First, the evidence presented to the Court indicates that all of the putative defendants reside in the Western District of Tennessee [<u>see</u> Doc. 1-2].[1] Plaintiff alleges in its Complaint: "Defendants true identities are unknown at this time, however Plaintiff's [sic] has used geolocation technology to determine that, upon information and belief, each Defendant may be found in this State." [Doc. 1 at ¶ 2]. Under 28 U.S.C. § 1391(b)(1), the Plaintiff may not lay venue in a judicial district in which no Defendant resides. Instead, the action is to be filed in the judicial district where at least one Defendant resides, if all Defendants are residents of the state in which that district is located. The Plaintiff's general allegation that the Defendants are found in the State of Tennessee is not sufficient to retain jurisdiction in the Eastern District of Tennessee when Exhibit 2 to the Complaint specifically indicates that the Defendants are found in another judicial district.

Second, the Plaintiff alleges that the copyright infringement at issue in this case occurred using IP addresses found in counties in the Western District of Tennessee. Thus, the pleadings indicate that "a substantial part of the events . . . giving rise to the claim occurred" in the Western District of Tennessee. 28 U.S.C. § 1391(b). Conversely, there is no indication in the pleadings that any of the events giving rise to the claim occurred in the Eastern District of Tennessee.

---

[1] The Plaintiff's evidence of the IP addresses alleged to have infringed on its copyright lists Dyer County, Henry County, Henderson County, and Shelby County as the counties in which the infringements occurred. All of these counties fall within the Western District of Tennessee, <u>see</u> http://www.tnwd.uscourts.gov/pdf/content/DistrictMap.pdf .

Finally, the Plaintiff has not pled any facts or allegations that would indicate that there is no district in which this action could otherwise be brought. To the contrary, the evidence before the Court indicates that this case could and should be brought in the Western District of Tennessee.

Based upon the foregoing, the undersigned finds that venue in the Eastern District of Tennessee is not appropriate under 28 U.S.C. § 1391. Accordingly and pursuant to 28 U.S.C. § 1406, the undersigned **RECOMMENDS**[2] that the Clerk of Court be **ORDERED** to transfer this case to the Western District of Tennessee.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).